**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| **THE LANGUAGE DOCTORS, INC.**<br>**8201 Corporate Drive, Suite 400**<br>**Landover, Maryland 20785**<br><br>*Plaintiff,*<br><br>    v.<br><br>**MCM 8201 CORPORATE, LLC**<br>**301 Yamato Road, Suite 4160**<br>**Boca Raton, Florida 33431**<br><br>    <u>**SERVE ON**</u>**:**<br>    Cogency Global Inc.<br>    Resident Agent<br>    1519 York Road<br>    Lutherville, Maryland 21093<br><br>**and**<br><br>**MORNING CALM**<br>**MANAGEMENT, LLC**<br>**Suite 140**<br>**1641 Worthington Road**<br>**West Palm Beach, Florida 33409**<br><br>    <u>**SERVE ON**</u>**:**<br>    Cogency Global Inc.<br>    Resident Agent<br>    1519 York Road<br>    Lutherville, Maryland 21093<br><br>    *Defendants*. | **CIVIL ACTION**<br><br>**NO. 8:20-CV-01755-PWG** |

## **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Language Doctors, Inc., by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this First Amended Complaint for Declaratory Judgment against MCM 8201 Corporate, LLC and Morning Calm Management, LLC.

## PARTIES

1. The Language Doctors, Inc. ("TLD") is incorporated in the District of Columbia with its principal place of business located at 8201 Corporate Drive, Suite 400, Landover, Maryland 20785. TLD entered into an Office Lease Agreement with MCM 8201 Corporate, LLC for the Property (as hereinafter defined).

2. MCM 8201 Corporate, LLC ("MCM") is organized under the laws of the State of Florida and is registered to do business in the state of Maryland. MCM owns the property located at 8201 Corporate Drive, Suite 400, Landover, Maryland 20785 (the "Property"). The Property is situated in Prince George's County, Maryland.

3. Morning Calm Management, LLC ("Morning Calm") is a Florida limited liability company registered to do business in the state of Maryland. Morning Calm is responsible for managing MCM and is MCM's agent with actual and apparent authority.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as TLD's principal place of business is located in Maryland. Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as the Property is located in Prince George's County, Maryland.

## FACTS

6. On August 23, 2017, TLD was awarded a contract by the Department of Justice to perform services for the Federal Bureau of Prisons (the "DOJ Contract"). The contract involved TLD substantially increasing its resources, personnel, and facilities. In fact, TLD

invested more than $1,000,000.00 to "ramp up" its operations in anticipation of performing the contract.

7. As part of TLD's "ramping up" of operations, TLD entered into a lease agreement with MCM for the property located at 8201 Corporate Drive, Landover, Maryland 20785 (the "Property"). *See* Exhibit A ("Office Lease Agreement").

8. Pursuant to the Office Lease Agreement, TLD leased 14,700 square feet of office space located in the Property (the "Leased Premises").

9. The Lease negotiations were between TLD and MCM through Morning Calm, specifically, Jose Flefil ("Mr. Flefil"), as the representative and agent of MCM.

10. During lease negotiations, TLD and MCM agreed that TLD would be afforded the opportunity to terminate the Office Lease Agreement prior to the Initial Lease Term (as defined in the Office Lease Agreement) in the event the DOJ Contract referenced above was terminated by the Government or TLD through no fault of TLD.

11. As such, Section 1.25 "Tenant's First Termination Option" was written into and made a part of the Office Lease Agreement. *See* Ex. A at Pg. 2.

12. In the event of such termination, TLD was to provide MCM notice and pay a Termination Fee in an amount and manner as set forth in Section 1.25 of the Office Lease Agreement as well as pay rent through the end of the then current Lease Year (as defined in the Office Lease Agreement). *See id*.

13. On Thursday, February 20, 2020, TLD received notice that the DOJ Contract was being terminated for convenience, through no fault of TLD.

14. On Friday, February 21, 2020, TLD's real estate broker, Josh Cramer ("Mr. Cramer"), spoke with and emailed MCM's representative and agent, Jose Flefil, associate director

of Morning Calm, to inform him of the cancelled DOJ Contract and inquiring as to the calculation of the Termination Fee.  Upon information and belief, Mr. Flefil, at all times relevant, had actual and apparent authority to act on behalf of MCM and Morning Calm and bind MCM.  Mr. Flefil confirmed that TLD had until Tuesday, February 25, 2020 to provide the necessary termination notice and thus to trigger termination.

15. On Monday, February 24, 2020, Mr. Cramer and Mr. Flefil exchanged a series of emails regarding the termination fee to be paid to MCM with Mr. Flefil calculating the termination fee at $240,653.09.  *See* Ex. B (February 24 Email Correspondence).  The termination fee calculation performed by Mr. Flefil was based on and supported by Morning Calm's Termination Fee Calculator specifically created for TLD which indicated that the termination fee was based on the lease terminating in November 2020.  *See* Ex. C (MCM Termination Fee Calculator).

16. On Tuesday, February 25, 2020, TLD sent written notice to MCM's representative stating that TLD was exercising the termination option pursuant to Section 1.25 of the Office Lease Agreement.  *See* Ex. D (Notice of Termination).  The notice indicated November 21, 2020 as the date the Office Lease Agreement was to terminate.  *See id*.  The notice referenced explicitly the communications between Mr. Cramer and Mr. Flefil.

17. Further, the notice, referencing to the agreement between Mr. Cramer and Mr. Flefil, stated that TLD was going deliver a check for $100,000.00 to MCM that day, with the $140,653.09 to be delivered within the next five (5) business days.

18. That same day, Mr. Flefil confirmed receipt of the termination notice.

19. On Friday, February 28, TLD informed that it would be delivering a check for the remaining balance of the Termination Fee on Monday, March 2, 2020.

4

20. On February 28, 2020, Mr. Cramer exchanged emails with Mr. Flefil in which Mr. Flefil confirmed the termination and sufficiency of the termination notice sent by TLD. *See* Ex. E (February 28 Email Correspondence).

21. Both the February 25, 2020 and March 2, 2020 payments were received and accepted by MCM without any objection or limitation.

22. TLD continued to make its lease payments pursuant to the Office Lease Agreement, and as of the date of this First Amended Complaint has not received a notice that it is in default of any obligations under the the Office Lease Agreement.

23. On April 9, 2020, more than a month and a half after the termination notice was sent to and accepted by MCM and more than a month after payment was received and accepted by MCM, MCM sent a letter to TLD stating that, based on the timing of TLD's notice to terminate, the "[t]he Lease shall remain in effect, under all terms and conditions contained therein, until October 31, 2021," not November 21, 2020. *See* Ex. F (April 9 Letter from MCM to TLD) In short, MCM, despite its actions, representations and acceptance of the termination fee, communicated it would not recognize termination.

24. TLD reasonably relied on the representations, assurances, and actions of Morning Calm when it terminated the Office Lease Agreement.

**COUNT I**
**DECLARATORY JUDGMENT**
**AS TO ALL DEFENDANTS**

25. The allegations set forth in Paragraphs 1 through 24 are incorporated herein by reference.

26. An actual and immediate controversy exists between MCM, Morning Calm, and TLD with respect to the termination date of the Office Lease Agreement.

27. TLD contends that the termination date of the Office Lease Agreement is

December 31, 2020, and despite MCM and Morning Calm's communications and actions, MCM and Morning Calm deny termination was triggered and accepted and further contend the termination date of the Office Lease Agreement is October 31, 2021.

28. TLD is entitled to a determination of the termination date of the Office Lease Agreement pursuant to 28 U.S.C. § 2201.

29. There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts and will terminate a controversy and remove an uncertainty.

**COUNT II**
**NEGLIGENT MISREPRESENTATION**
**AS TO DEFENDANT MORNING CALM**

30. The allegations set forth in Paragraphs 1 through 29 are incorporated herein by reference.

31. Morning Calm had a duty to TLD to provide accurate information regarding termination, including, but not limited to, the Termination Fee. Morning Calm, in the course of its business as the management company, representative, and agent of MCM, supplied false information for the guidance of TLD and made false statements regarding termination.

32. Morning Calm failed to exercise reasonable care or competence in obtaining or communicating the information to TLD regarding termination.

33. Morning Calm intended that TLD act on the information and statements made by Morning Calm.

34. Morning Calm had knowledge that TLD would probably rely on the statements and information, and if erroneous, would cause loss or injury to TLD.

35. TLD did, in fact, take action in reliance on the statement.

36. As a result, TLD suffered damages in the amount of the overpayment of the Termination Fee in the amount of $25,691.94 and additional damages depending on the outcome of Count I (Declaratory Judgment) of this Complaint.

## COUNT III
### DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL
### AS TO DEFENDANT MORNING CALM

37. The allegations set forth in Paragraphs 1 through 36 are incorporated herein by reference.

38. Morning Calm, through its representative and agent, Mr. Flefil, acting within the scope of his employment, assured TLD that termination was accepted and calculated the Termination Fee in accordance with the December 31, 2020, termination date. Morning Calm accepted and negotiated the check for the Termination Fee in accordance with its assurances provided to TLD.

39. Morning calm had a reasonable expectation that the assurances provided to TLD would induce TLD to take action to pay the Termination Fee, vacate the Property, forbear on paying rent after December 31, 2020, and file a suit to enforce its rights.

40. Morning Calm's assurances did, in fact, cause TLD to take actual and reasonable action. Specifically, TLD has taken actions to vacate the Leased Premises and ensure payment of its rent obligations through the termination date. As a business, the funds that would have been allocated to lease payments through the full term of the Office Lease Agreement have been directed elsewhere in reliance on Morning Calm's assurances.

41. Morning Calm's assurances have caused a detriment to TLD that can only be avoided by the enforcement of said assurances. Specifically, TLD overpaid the Termination Fee by $25,691.94 and may incur significant rent, costs, and expenses in the event of a ruling against

TLD as to Count I (Declaratory Judgment).

WHEREFORE, The Language Doctors, Inc. respectfully requests that this Court

(i) enter an Order finding that early termination of the Office Lease Agreement was triggered and properly noticed to Defendants;

(ii) enter an Order finding Defendants jointly and severally bound by their actions and representations in accepting notice of termination, calculating the termination fee, accepting the termination fee and communicating acceptance equating to a knowing and voluntary waiver of any claim to the contrary of an effective termination;

(iii) the acceptance of and negotiation of the check for the Termination Fee amounted to accord and satisfaction precluding MCM from making a claim against TLD for any rent, fees, or expenses after December 31, 2020.

(iv) enter an Order declaring that the Office Lease Agreement dated July 30, 2018 shall be terminated on November 21, 2020; and that TLD shall not have any further obligations monetary or otherwise to MCM 8201 Corporate, LLC or Morning Calm Management, LLC beyond November 21, 2020;

(v) enter judgment against Morning Calm in favor of TLD in the amount of TLD's overpayment of the Termination Fee and all rent, costs, and expenses incurred by TLD as a result of a ruling in MCM's favor as to Count I (Declaratory Judgment);

(vi) award TLD costs, expenses, and attorneys' fees;

(vii) grant TLD whatever other relief this Court deems just and appropriate.

Dated: September 18, 2020             Respectfully submitted,

                                             */s/ Sean P. Hatley*
                                   Sean P. Hatley (Bar No. 20139)
                                   Matthew P. Kraeuter (Bar No. 29252)
                                   Christopher D. Buck (Bar No. 12441)
                                   FROST LAW
                                   839 Bestgate Road, Suite 400
                                   Annapolis, Maryland 21401
                                   Phone:       (410) 497-5947
                                   Facsimile:   (888) 235-8405
                                   Email:        sean.hatley@frosttaxlaw.com
                                   Email:        chris.buck@frosttaxlaw.com

*Counsel for Plaintiff*
*The Language Doctors, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing **First Amended Complaint for Declaratory Judgment** was electronically filed on this **18th day of September, 2020**, with the Clerk of the Court using the CM/ECF System, which shall give notice of the electronic filing to and serve all counsel of record.

                                             */s/ Sean P. Hatley*
                                   Sean P. Hatley (Bar No. 20139)
                                   Matthew P. Kraeuter (Bar No. 29252)
                                   Christopher D. Buck (Bar No. 12441)